21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Zakeem D. WALKER, a/k/a Carl Webb, a/k/a David Sims,
Defendant-Appellant.
 No. 93-5355.
 United States Court of Appeals, Fourth Circuit.
 Argued March 11, 1994.
Decided April 18, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-92-304)
 C. Cooper Fulton, Asst. Federal Public Defender (Hunt L. Charach, Federal Public Defender, on brief), Charleston, W VA, for appellant.
 Michael Lee Keller, Asst. U.S. Atty. (Charles T. Miller, U.S. Atty., J. Kirk Brandfass, Asst. U.S. Atty., on brief), Charleston, W VA, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 During the search of Zakeem Walker incident to his arrest for violating the Charleston, West Virginia, "open container" ordinance, a patrolman found crack cocaine in Walker's jacket. Walker appeals the district court's denial of his suppression motion, and we affirm.
 
 I.
 
 2
 Shortly after midnight on October 27, 1992, Zakeem Walker and three companions got out of a taxi at the guard shack in front of the Spring Hill apartment complex at Roseberry Circle in Charleston, West Virginia. Walker and his companions walked past City Patrolman Keith Peoples, who was on duty in the area. Peoples saw Walker drinking a can of beer as he walked along. Charleston has an open container ordinance that prohibits drinking "alcoholic liquor," which includes beer, in a public place.
 
 
 3
 Patrolman Peoples started toward Walker, who put his beer on the sidewalk. Peoples told Walker drinking in public was against the law, and Walker said, "Sir, I'm sorry, I'll never do it again." JA 11. When Patrolman Peoples asked Walker where he lived, Walker gave a tenth floor apartment number at 1311 Roseberry Circle, a building within the Spring Hill complex. Peoples knew the address was false because the building had only nine floors. Peoples told Walker there was no such address, but Walker insisted he lived with his aunt at the address given. After Peoples suggested that he would check the tenant list, Walker said, "Sir, I lied. I don't live there." JA 11.
 
 
 4
 At this point, Peoples told Walker he was under arrest for violating the open container law and asked him to put his hands against the wall. As Peoples was doing a pat down, Walker kept pulling away from the wall, and Peoples told him to keep his hands against the wall. Next, Peoples felt a bundle in Walker's jacket, and Walker swung his right arm around. A struggle ensued, and Peoples wrestled Walker to the ground and handcuffed him. Peoples completed the search and found some crack (cocaine base) in a hole in Walker's jacket.
 
 
 5
 Walker was charged in a one count indictment with possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 6
 Walker moved to suppress the cocaine base as the fruit of an illegal search incident to an unlawful arrest. He argued below (as he does here) that Charleston's open container ordinance violates the Fourth Amendment because it gives an officer unbridled discretion either to arrest on the spot or to issue a citation for a later appearance. Shortly after the district court denied his motion to suppress, Walker pled guilty under a plea agreement in which he reserved the right to appeal the denial of the suppression motion. Walker now pursues that appeal.
 
 II.
 
 7
 The district court held an evidentiary hearing on Walker's motion to suppress on January 19, 1993. At the conclusion of the hearing, the district court denied the motion, ruling as follows:
 
 
 8
 The local ordinance gives an opportunity to an officer confronted with an open alcoholic or non-alcoholic beer container to arrest that person or to take some other action. The officer here chose to effect an arrest. The officer, in the Court's estimation, had probable cause in that the individual, when questioned in a situation after midnight when he was attempting with others to enter the gate, that individual gave what was known to the officer at the time as a false address. The individual was--popped open a beer after he exited the car on public property, ... and all of which gave the officer probable cause to make a stop and, according to the authority of the local ordinance, likewise to make an arrest. The officer, because of the circumstances as he apprehended them at the time, ... decided to go forward with effecting the arrest and did the pat down search. During the course of that search, he found ... crack cocaine.... I find that these circumstances are sufficient ... to deny the motion to suppress and to allow the government to introduce this before the jury as a search incident to a lawful arrest.
 
 
 9
 An officer, at any time a crime is being committed in his presence, has the authority to effect an arrest....
 
 
 10
 I don't find that there is any situation here that the officer was even called upon to exercise unbridled discretion. I think the circumstances here, being the time this incident occurred, where it occurred at the guard shack or at about the gate of the Spring Hill Apartment complex coupled with the open beer and all gave the officer probable cause to make the stop and then make the arrest and the arrest inevitably led to the search which led to the disclosure of these controlled substances.
 
 
 11
 JA 52-53.
 
 
 12
 After reviewing the decision of the district court, considering the parties' briefs and the record, and hearing oral argument, we are convinced that Walker's appeal is without merit. We affirm on the reasoning of the district court, as set out above. United States v. Zakeem D. Walker, Cr. No. 2:92-00304 (S.D. W.Va., Jan. 19, 1993). The district court was correct to conclude that Walker was searched incident to a lawful arrest and that the fruits of that search are admissible. United States v. Robinson, 414 U.S. 218 (1973).
 
 III.
 
 13
 The district court's January 20, 1993, order denying Walker's motion to suppress is affirmed.
 
 AFFIRMED